**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER DANTE COOK,

Defendant.

Case No. 2:25-cr-00155-GMN-NJK

**ORDER**

## I.    BACKGROUND

An indictment was filed charging Mr. Cook with one count of Dealing in Firearms Without a License, three counts of Possession of Firearms by a Prohibited Person, two counts of Distribution of a Controlled Substance (Fentanyl), and one count of carrying a Firearm During and in Relation to a Drug Trafficking Crime. On June 11, 2025, Mr. Cook had his initial appearance and detention hearing. ECF No. 10. This Court detained Mr. Cook pending trial. ECF No. 10, 28.  By way of the instant motion, Mr. Cook requests that this Court reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). ECF No. 17.

## II.    DISCUSSION

Pursuant to 18 U.S.C. § 3142(f), courts may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

For the reasons stated on the record at the hearing held on June 25, 2026, this Court finds that there exists information that was not known to the movant at the time of the initial detention hearing and that has a material bearing on the issue of detention. Accordingly, this Court reopens the detention hearing pursuant to 18 U.S.C. § 3142(f)(2). This Court incorporates by reference the

findings and rulings made on the record at that hearing. The government moves for detention, as it did in the past, under 18 U.S.C. § 3142(f)(1)(B), (C), (E), and 18 U.S.C. § 3142(f)(2)(A).

**A. Presumption of Detention**

The Bail Reform Act establishes a rebuttable presumption of detention where there is probable cause to believe that the defendant committed certain enumerated offenses. 18 U.S.C. § 3142(e)(3). Probable cause exists when, under the totality of the circumstances, there is a fair probability that a crime has been committed and that the defendant committed it. *United States v. Rodgers*, 656 F.3d 1023, 1028 (9th Cir. 2011). Where probable cause exists, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). That presumption is subject to rebuttal by the defendant, although the burden of persuasion at all times remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even where a defendant successfully rebuts the presumption, it "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in [Section 3142(g)]." *Id.*

While the Ninth Circuit is silent on this issue, several courts have held that the indictment itself establishes probable cause for purposes of Section 3142(e)(3). *See United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (collecting cases). In addition, this Court has reviewed the transcript of the hearing for the violation of supervised release in Case No. 2:24-cr-193-RFB-NJK, and the exhibits tendered by the government in support of detention, and finds that there is probable cause that Mr. Cook committed the charged offenses, including the distribution of a controlled

substance.[1] As a result, at a minimum, Section 3142(e)(3)(A) is triggered.[2] Because the defendant proffers evidence in rebuttal, this Court considers the factors set forth in Section 3142(g). *Hir*, 517 F.3d at 1086.

### B. Section 3142(g) Factors

In determining whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community, this Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). This Court has reviewed the audio from the last hearing, the pretrial recommendations, and the arguments of counsel.

### 1. Nature and Circumstances of the Offense

The first factor directs this Court to consider, inter alia, whether the offense is (1) a crime of violence, (2) involves a controlled substance, or (3) involves a firearm. 18 U.S.C. § 3142(g)(1). Here, all three categories are present. The defendant is charged with a drug trafficking crime, a possession of a firearm in furtherance of a drug trafficking offense, and the alleged underlying

---

[1] There is a distinction between a finding of probable cause from that of a preponderance of the evidence. A finding that the government fell short of preponderance at the violation of supervised release hearing is therefore fully consistent with, and does not negate, a finding of probable cause for purposes of the detention presumption.

[2] During the hearing, this Court engaged in a colloquy with defense counsel which suggested that the presumption of detention and the mandatory minimums may not form part of the instant analysis should this Court assume there is little evidence to support the drug offenses. The same applies to the colloquy regarding the application of mandatory minimum sentences. This Court takes this opportunity to clarify that the presumption applies, irrespective of the amount of proof that may exist, as its applicability is based on the statutory scheme and the charged offense(s). The same applies to the mandatory minimum nature of the offenses. Nevertheless, the weight of the evidence is one factor this Court must consider, along with the other relevant factors, in assessing the likelihood that such a sentence will ultimately be imposed.

conduct includes the possession and dealing of firearms. These are all offenses that Congress expressly identified as among the most consequential for purposes of the detention/release analysis.

As charged, this remains a mandatory minimum case. The drug trafficking counts carry a statutory mandatory minimum term of imprisonment, and the Section 924(c) count carries an additional consecutive mandatory minimum. In short, the nature and circumstances of the charged offenses weigh in favor of detention.

## 2. Weight of the Evidence

The weight of the evidence against the defendant is considered the least important of the four factors. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). This factor presents an interesting twist in this case. At the supervised release revocation hearing, the district court found that the government had not established by a preponderance of the evidence that Mr. Cook had possessed narcotics. This Court did, however, find by a preponderance of the evidence that Mr. Cook engaged in the possession and sale of firearms, and that he did so as a convicted felon prohibited from possessing them. Those findings are independently sufficient to give weight to this factor.

## 3. History and Characteristics of the Defendant

The third factor requires this Court to consider the defendant's history and characteristics, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). This factor is mixed, but on balance weighs in favor of detention.

Mr. Cook has strong family ties to the community, as reflected by the presence of numerous family members at the hearing and the fact that he can reside with his parents. He also represents

that he has had good behavior while incarcerated the past few months and that he has the ability to return to lawful employment. This Court credits this showing and recognizes that these factors are relevant to the assessment of flight risk.

On the other hand, Mr. Cooks' criminal history includes convictions for resisting a public officer and carrying a concealed weapon. More significantly, Mr. Cook was on federal supervised release for a prior drug conviction at the time the alleged offenses underlying the current indictment occurred. As explained during the June 2025 hearing, this last circumstance is particularly weighty. Supervised release is itself a form of court-ordered conditions designed to assure law-abiding conduct and community safety. Mr. Cook's commission of the alleged offenses while subject to those conditions demonstrates that prior judicial supervision did not deter him from engaging in new criminal conduct. It therefore substantially undermines confidence that any conditions of release imposed here would be effective. This factor weighs in favor of detention.

### 4. Danger to the Community

The fourth factor requires this Court to assess the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(4). This factor weighs in favor of detention.

This Court does not find that the record from the revocation hearing reflects any attempt by Mr. Cook to intimidate, endanger, or harm the confidential informant to whom he allegedly sold the firearms by having a loaded weapon inside a bag. Rather, the danger the defendant poses to the community is established by the continued engagement in criminal conduct even while under court supervision.

### III.   **CONCLUSION**

Having considered all four Section 3142(g) factors and having weighed the statutory presumption of detention as an independent evidentiary finding militating against release, this

Court concludes that the government has carried its burden of persuasion on both grounds for detention. This Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required.

Accordingly, **IT IS ORDERED** that the defendant's motion for release (ECF No 17) is DENIED.

DATED: July 6, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE