**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br>Plaintiff(s),<br>v.<br>Christopher Dante Cook,<br>Defendant(s). | Case No. 2:25-cr-00155-GMN-NJK<br>**Order**<br>[Docket No. 41] |

Pending before the Court is Defendant's motion to compel disclosure of confidential informant files. Docket No. 41. The United States filed a response in opposition. Docket No. 50. Defendant filed a reply. Docket No. 52.

Under LCR Rule 16-1(c), the moving party must meet and confer with opposing counsel in good faith prior to filing a discovery motion. "The purpose of the rule is to allow the court to understand precisely the issue to be resolved, and where the disagreements lie." *United States v. Toomer*, Case No. 2:17-cr-00193-LRH-CWH, 2018 U.S. Dist. LEXIS 132330, 2018 WL 3745815, at *9 (D. Nev. Aug. 6, 2018). "A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants." LR 1-3(f)(2). Here, Defendant states baldly that the parties have met and conferred. Docket No. 41 at 1 n.1. However, Defendant provides nothing to demonstrate that the defense met and conferred with the prosecution before filing the instant motion. *See* Local Rule 1-3(f)(2). Additionally, the United States proffers that it has produced proper, relevant discovery and will continue to do so. The parties' briefing begs the question why this dispute is being brought in full motion practice seeking the expenditure of scarce judicial resources.

Counsel are reminded that they have a duty to act in a manner that fosters the just, speedy, and inexpensive resolution of the case. *See* Fed. R. Civ. P. 1. Particularly in the discovery context,

counsel must "strive to be cooperative, practical and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). As it is not clear that judicial oversight is necessary, the Court **DENIES** without prejudice the motion to compel. Counsel must promptly re-engage in a meaningful conferral process and, in so doing, must keep in mind their duties to each other and to the Court as outlined above. Any renewed motion to compel must be filed, in accordance with the local rules, no later than October 21, 2026.

IT IS SO ORDERED.

Dated: October 8, 2026

Nancy J. Koppe
United States Magistrate Judge